The opinion of the Court was delivered by
Glover, J.
The words proved are actionable, as they *257 clearly impute larceny, unless' they are so qualified by other expressions used by the defendant in his conversation with the witness, as to show that no criminal act was directly charged. After the defendant said that the plaintiff stole a watch, he added: “the plaintiff went to Gray’s shop for a watch ; demanded a gold watch; Gray told him to take it; he did so ; the owner came for his watch; Gray sent word to the plaintiff to send it back, which he did. If that be not stealing, what do you call it ?” If the intention was to get possession of another’s watch unlawfully, and to convert it to his own use, the conversion was felonious, and the words actionable per se. (State vs. Lindenthall, 5 Rich. 237.) But the pleadings are not before us, nor do the grounds of appeal make it necessary that they should be. If the words were not actionable per se, we must presume that all proper averments were employed and proved.
2. The defendant contends, and the plaintiff indirectly admits, that the verdict is not in legal form, because the amount of the damages found by the jury is not expressed in letters. The Act of 1795 (5 Stat. 262), referred to in support of this ground, has no application. The second section is limited to verdicts on contracts, and the direction is not that such verdicts shall be expressed in letters, but “in dollars or units, dimes or tenths,” &c. The purpose was, as far as legislation could accomplish it, to substitute the federal in the place of the English denominations of coins. The Act is only directory, and, by its terms, does not embrace verdicts in actions of tort. But the verdict in this case exactly conforms to the Act by the use of the federal designation of a coin, with a symbolical prefix expressing the denomination. The symbol ($>) denoting dollars, one or more, and figures indicating the number, is quite as certain as letters can express the denomination and amount intended. Entries made by public and bank officers, and merchants, are generally in figures, with the significant prefix to denote dollars.
*258 If the attention of the Circuit Judge had been called to this verdict before it was recorded, the amendment proposed by the plaintiff’s attorney would have been ordered, not because such a verdict is illegal, but to guard against any fraudulent alteration which could be more easily made when figures are used. -The Act of 1839 (11 Stat. 71) directs the clerks of the courts to record in the Common Pleas Journal, an exact copy of the verdict, which is an an additional check against unfair practices; and if they would add to such exact copy, when in figures with the dollar symbol, the amount and denomination in letters, the check would be complete.
In actions of tort where the circumstances often justify exemplary and punitive damages, we have no standard by which to measure the exact quantum; and unless the amount is so flagrant as to excite the suspicion of unfair dealing, we will not grant a new trial because the jury may have differed with the Court, or, perhaps, may differ with .another jury, in the amount of their verdict.
Motion dismissed.
O’Neall, Wardlaw, and Munro, JJ., concurred.

Motion dismissed.